UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MANUEL DELEG,

                                                                    Civil Acton No.:

                            Plaintiff,

                    v.                                              **COMPLAINT**

CROMAN REAL ESTATE, INC., CROMAN
FAMILY ASSOCIATES, LLC., 9300 REALTY                    **PLAINTIFF DEMAND**
MANAGEMENT INC., 151 RIVINGTON HOLDINGS                 **TRIAL BY JURY**
LLC, 153 RIVINGTON LLC, 182 STANTON LLC, 186
AVE B NY LLC, 215 AVENUE B REALTY LLC, 326-
338 E. 100TH LLC, 380-382 E. 10TH LLC, MAJOR
PERRY STREET CORP., 134 ORCHARD LLC, and
STEVEN CROMAN,

                            Defendants.
-------------------------------------------------------------X

      Plaintiff MANUEL DELEG ("Deleg" or "Plaintiff"), by his attorneys, RAPAPORT

LAW FIRM, PLLC, as and for his Complaint, alleges as follows:

### PRELIMINARY STATEMENT

      1.     This lawsuit seeks to recover minimum wages, overtime compensation, failure

to pay timely wages, unlawful wage deductions, and spread overtime hours pay.

### JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction of this action pursuant to the

provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq.,

including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of

the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331),

and supplemental jurisdiction to consider claims arising under New York state law, pursuant

to 28 U.S.C. §1367.

      3.     Defendants CROMAN REAL ESTATE, INC. ("CRE") and CROMAN

FAMILY ASSOCIATES, LLC ("CFA") and STEVEN CROMAN ("Croman") (collectively

as "Defendants") are an enterprise with a common business purpose and under common

control whose annual volume of sales made or business done is not less than $500,000, the activities of which effect interstate commerce in that the employees of CRE, CFA and Croman, including but not limited to the Plaintiff, handle goods, including janitorial goods, that have moved in interstate commerce.

4.      Defendants CRE, CFA and Croman operate and control a business enterprise for a common business purpose that includes, *inter alia*, management and control of multiple family dwellings located in New York County, including *inter* alia, the following apartment buildings where Plaintiff was employed:  382 East Tenth Street; 380 East Tenth Street; 147 Avenue A; 186 Avenue B; 188 Avenue B; 215 Avenue B; 222 Avenue B; 134 Orchard Street; 151 Rivington Street; 153 Rivington Street; and 145 Anthony Street.  The Defendants operate these properties as a unified business enterprise from their main office at 632 Broadway, Seventh Floor, New York, New York 10012.

5.      Upon information and belief, Croman exercises ownership and/or control over all of the corporate defendants.

6.      Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. § 1391.  Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process.  The unlawful acts alleged herein have a direct effect on the Plaintiff within the State of New York and within this judicial district.  Defendants do business within the Southern District of New York.

7.      At all relevant times, Defendants were "covered employer[s]" and/or an "employer[s]" under all relevant statutes, including, *inter alia,* the NYCHRL, Fair Labor Standards Act, and NY Labor Law.

8.      This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or

transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

9.      A declaratory judgment is authorized in this case by 28 U.S.C. § 2201.

## THE PARTIES

10.     Upon information and belief, Defendant CROMAN REAL ESTATE, INC. is a domestic business organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

11.     Upon information and belief, Defendant CROMAN FAMILY ASSOCIATES, LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

12.     Upon information and belief, Defendant 9300 REALTY MANAGEMENT INC. is a domestic business organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

13.     Upon information and belief, Defendant 151 RIVINGTON HOLDINGS LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

14.     Upon information and belief, Defendant 153 RIVINGTON LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

15.     Upon information and belief, Defendant 182 STANTON LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

16.     Upon information and belief, Defendant 215 AVENUE B REALTY LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

17.     Upon information and belief, Defendant 326-338 E. 100TH LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

18.     Upon information and belief, Defendant 380-382 E. 10th LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

19.     Upon information and belief, Defendant MAJOR PERRY STREET CORP is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

20.     Upon information and belief, Defendant 134 ORCHARD LLC is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 632 Broadway, New York, New York 10012.

21.     Croman resides in the State of New York and owns and operates the Corporate Defendants.

22.     Croman, through various corporations, owns and operates approximately 140 buildings in the State of New York.

23.     Upon information and belief, Croman oversees the management of each of his companies, including the Corporate Defendants.

24.     Croman frequently inspected the buildings at which Plaintiff worked.

25.     Croman Real Estate, Inc., Croman Family Associates, LLC, 9300 Realty Management Inc., 151 Rivington Holdings LLC, 153 Rivington LLC, 182 Stanton LLC, 186 Ave B NY LLC, 215 Avenue B Realty LLC, 326-338 E. 100th LLC, 380-382 E. 10th LLC, Major Perry Street Corp, and 134 Orchard LLC each paid the Plaintiff his wages each month and they each willfully misclassified Plaintiff as an independent contractor.

26.     Plaintiff Deleg is an adult individual residing in the City, County and State of New York, who was employed by Defendants to work as a superintendent at various buildings operated and controlled by Defendants in the East Village neighborhood in Manhattan within the last six (6) years.  These buildings were located, *inter alia*, at 382 East Tenth Street; 380 East Tenth Street; 147 Avenue A; 186 Avenue B; 188 Avenue B; 222 Avenue B; 134 Orchard Street; 151 Rivington Street; 153 Rivington Street; and 145 Anthony Street (the "Buildings").

27.     Croman exercises sufficient operational control over the Corporate Defendants' operations to be considered the Plaintiff's employer under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").

28.     At all relevant times, all Defendants have been the Plaintiff's employer within the meaning of the FLSA and NYLL.  Defendants had the power to hire and fire Plaintiff, control his terms and conditions of Plaintiff's employment, and determine the rate and method of any compensation in exchange for his services.

**NATURE OF THE ACTION**

29.     The minimum wage under New York State Law was $7.25 from July 24, 2009 to December 31, 2013; $8.00 from December 31, 2013 until December 31, 2014; $8.75 from

5

December 31, 2014 until December 31, 2015; and $9.00 an hour from December 31, 2015 to present.

30.     From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

31.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

32.     Defendants have failed to compensate Plaintiff for every hour he has worked at the statutory minimum wage.  Defendants have compensated Plaintiff for only a small portion of the hours that Plaintiff actually worked.

33.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and state law and regulations.

34.     Defendants had an unlawful practice and policy of requiring Plaintiff to purchase tools of the trade required to carry out his work duties, including various tools used in connection with electrical and plumbing repairs.

35.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

36.     Defendants have also willfully and purposely disregarded and evaded the NYLL's requirement that employers furnish employees with wage statements on each payday containing the criteria required under the NYLL 195(3).

37.     Defendants failed to pay Plaintiff weekly, in violation of NYLL § 191.

38.     Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiff, pursuant to 29 U.S.C. § 216.

39.     Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiff, pursuant to NYLL § 663.

## FACT ALLEGATIONS

40.     Commencing in or about October 2006 until on or about September 15, 2016, Deleg was employed by Defendants, and he performed maintenance, cleaning, repair, janitorial, exterminating, light construction, and related work at Defendants' apartment buildings located in New York County, New York.

41.     At all relevant times hereinafter mentioned, Deleg was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular pay after he worked forty (40) hours in a workweek.

42.     Deleg worked more than sixty-five (65) hours in most work-weeks in which he was employed by Defendants.

43.     Deleg worked more than ten (10) hours on most weekdays during his employment.

44.     During a typical weekday, Deleg worked from 5:00 a.m. until approximately 5:00 p.m.

45.     Residents of the Buildings regularly made requests of Deleg after they returned from work in the evening.  Deleg's evenings and weekends were regularly occupied with communicating with tenants, planning repair work and performing repairs.  These repairs encompassed, *inter alia*, fixing leaking toilets; unclogging shower drains; and resetting and replacing fuses.

46.     In the winter, Deleg shoveled snow at all hours of the day and night, and he checked and maintained the boilers seven days per week, many of which were in decrepit condition requiring extensive oversight and maintenance.

47.     Tenants of the Buildings were provided Deleg's cellular telephone number so that they could reach him 24 hours per day, 7 days a week.  Tenants who misplaced their

keys would rely on Deleg to provide entry to their apartments at all hours of the night, and Deleg was on-call for such emergent circumstances.

48.    Deleg's telephone number was also posted at entrances to buildings, so that emergency responders and others could contact him to gain entry at various times.  This led to Mr. Deleg being contacted and returning to his workplaces at all hours of the day and night.

49.    Deleg would also regularly be contacted by tenants overnight when doors leading to the Buildings' roofs would be opened, thus triggering loud alarms that bothered tenants and which only Deleg, by traveling from his residence in upper Manhattan to the affected building in the East Village, could properly deactivate.

50.    Deleg would also clean, mop, make minor repairs, perform plumbing work, perform electrical work, accept oil deliveries, perform minor carpentry, communicate with tenants, handle recycling, collect and take out the garbage, provide access to real estate brokers to show apartments to prospective tenants, polish floors, paint, clean and repair newly-vacated apartments, install appliances, fix faucets, communicate with contractors, and provide access to police, ambulance and fire personnel.

51.    Deleg was also responsible for snow removal.  As a result, he regularly spent weekends and evenings shoveling snow during the harsh winter months.  During particularly harsh weather, Deleg would pay for laborers to assist him with snow removal – a cost that he incurred from his own pocket without reimbursement from Defendants.

52.    Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and NYLL by failing to maintain accurate time sheets and payroll records.  Defendants knew and were aware that Deleg worked extensive periods of time in evenings and weekends.

53.     At all relevant times, Deleg was on call, 24 hours per day, 7 days a week, including on holidays, to address reoccurring emergent issues at the buildings that he was responsible for maintaining in the East Village neighborhood.

54.     During 2015 and 2016, Deleg worked 67 hours per week to perform his regular duties at the buildings for which he was responsible.  In addition to these regular duties, Deleg spent at least two additional hours per day, seven days a week, handling emergent requests by tenants and others, such as leaking faucets and providing access to tenants who were locked out of their apartments.  Thus, in an average week, Deleg worked a total of 81 hours.

55.     Defendants did not pay Deleg on an hourly basis, in willful violation of State and Federal wage laws.  Instead, Defendants paid Deleg fixed weekly sums, to wit:

| Time Period | Weekly Pay |
| --- | --- |
| 1/16 – 8/16 | $738.40/week |
| 2015 | $673/week |
| 2014 | $673/week |
| 2013 | $673/week |
| 2012 | $445/week |
| 2011 | $430/week |

Given the amount of hours that Deleg worked each week, these sums were below minimum wage.

56.      Defendants failed to compensate Deleg for time worked in excess of forty (40) hours per week, despite the hours that Deleg worked over forty hours per week and the Defendants' insistence that Deleg perform work and be on-call seven days per week.

57.     Deleg earned less than the fixed salaries paid to him because he incurred, out-of-pocket, work-related expenses, including purchasing tools.

58.     Deleg's salary was also reduced by Defendants' wage theft in the form of payments that Deleg had to make out-of-pocket for laborers/porters who would assist him – a practice that Defendants managers were aware of and that was rendered necessary by the

enormous amount of work that Deleg was responsible for as the superintendent of eleven buildings.

## FIRST CAUSE OF ACTION
### FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.*

59.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning for the FLSA.

61.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA. 29 U.S.C. § 203.

62.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.  Defendants have had the power to hire and fire Plaintiff, control his terms and conditions of employment and determine the rate and method of any compensation in exchange for his employment.

63.     Defendants constitute an enterprise within the meaning of FLSA, 29 U.S.C. § 203(r).

64.     Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed herein.

65.     Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 255(a).

66.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Overtime Wage Violations under the FLSA

67.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

69.     Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

70.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.  Defendants have had the power to hire and fire Plaintiff, control his terms and conditions of employment and determine the rate and method of any compensation in exchange for his employment.

71.     The Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §203(r).

72.     Throughout the statute of limitations period covered by these claims, Deleg regularly worked in excess of forty (40) hours per week.

73.     Defendants required Deleg as part of his employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

74.     Deleg seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Unpaid Overtime Wages and Spread of Hours Compensation**
**(Violation of NYLL, Articles 6 and 19 and the supporting New York State Department of Labor Regulations)**

75.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-74 as if repeated and incorporated herein.

76.     Defendants failed to pay overtime wages to Plaintiff in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR § 138-2.1 *et seq.*

77.     Defendants' failure to pay proper overtime wages for each hour worked over 40 per week, was willful within the meaning of Labor Law § 603.

78.     Plaintiff often worked shifts of greater than ten hours without receiving additional "spread of hours" compensation.

79.     Defendants' failure to pay spread of hours compensation violates Labor Law Article 19 § 650, *et seq.*, 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations, specifically the NYLL's provisions requiring "spread of hours" pay, which require an employer such as Defendants, to pay additional "spread of hours" compensation to employees who work shifts of greater than ten hours.

80.     In violation of 12 N.Y.C.R.R. § 142-2.7, Defendants have routinely failed to provide Plaintiff with a statement with every payment of wages listing hours worked and rates paid.

81.     Plaintiff seeks recovery of liquidated damages, as well as attorney's fees and costs of this action, as provided by New York Labor Law § 663(1).

82.     Plaintiff seeks the amount of underpayments based on Defendants' failure to pay one and one-half times the regular rate of pay for work performed in excess of forty hours per week, and "spread of hours" compensation for his shifts of greater than ten hours,

and relief from Defendants' unlawful and willful conduct, as the Court deems just and proper for the period of time commencing six years prior to the filing of this Complaint.

### FOURTH CAUSE OF ACTION
### Minimum Wage Violations – NYLL

83.    At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL § 2 and 651.

84.    Defendants knowingly and willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

85.    Defendants failure to pay Plaintiff the minimum wage has been willful within the meaning of the NYLL § 663.

86.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

87.    As a result of the foregoing, the Plaintiff seeks judgment against Defendants for reimbursement of unlawful deductions, as well as liquidated damages, and interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### FIFTH CAUSE OF ACTION
### Wage Statement Violations

88.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

89.    Defendants willfully failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such information as required by NYLL § 195(3).

90.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500) dollars per employee, as provided for by the NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

<u>**RELIEF SOUGHT**</u>

**WHEREFORE,** the Plaintiff respectfully requests that the Court grant the following relief:

1.    That the Court declare, adjudge and decree that Defendants violated the minimum wage and overtime provisions of the FLSA;

2.    That the Court declare, adjudge and decree that Defendants violated the minimum wage, spread of hours, and overtime provisions of the NYLL;

3.    That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

4.    That the Court declare, adjudge and decree that the Plaintiff was, at all times relevant hereto, and is, entitled to be paid (a) minimum wages; (b) overtime for work beyond 40 hours in a week; (c) remuneration for unlawful deductions; (d) spread-of-hours compensation; and (e) that the amounts to which Plaintiff is entitled is to be doubled as liquidated damages and awarded thereto;

5.      That the Court make an award to the Plaintiff of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

6.      An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198(1-d) and proper wage notices pursuant to NYLL § 198 (1-b);

7.      That the Court make an award to Deleg of reimbursement for all unlawful deductions;

8.      For all other Orders and Findings identified and sought in this Complaint;

9.      For prejudgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

10.     For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), NYLL and as otherwise provided by law; and

11.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.


Dated:  New York, New York                    **RAPAPORT LAW FIRM, PLLC**
        October 4, 2016


                                        By:   _____/s/_____
                                              Marc A. Rapaport
                                              Attorney for Plaintiff
                                              Rapaport Law Firm, PLLC
                                              One Penn Plaza, Suite 2430
                                              New York, New York 10119
                                              Phone: (212) 382-1600