# Rapaport
# Law Firm

Marc A. Rapaport*
Tel  (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

May 12, 2017

**MEMO ENDORSED**

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 2 3 2017

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

Re:     **Manuel Deleg v. Croman Real Estate Inc.** *et al.*
        **Case No. 16-CV-07762 (RA)**

Dear Judge Abrams:

We are counsel to plaintiff, Manuel Deleg ("Plaintiff"), in the above-referenced matter, and jointly submit this letter for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties, a copy of which is attached hereto as Exhibit 1. We respectfully request that the Court approve the Agreement because it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel, and with the assistance of a Court-assigned mediator.

## I.      Introduction.

As Plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). In evaluating whether a proposed settlement is fair and reasonable, "a court should consider the totality of circumstances including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the produce of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336, (S.D.N.Y. 2012)(citations and quotation marks omitted).

The Agreement is the culmination of extensive negotiations, which included an exchange of the parties' respective damage calculations, an exchange of substantive documents, and a mediation session pursuant to the Court's mediation program that lasted approximately six hours.  The Agreement reflects a desire by the parties to fully and finally settle Plaintiff's Fair Labor Standards Act ("FLSA") together with all employment-related claims.  As discussed below, the Agreement allows Plaintiff to avoid the time, uncertainty, costs and stress that he would undergo if this case proceeded to discovery and motion practice.

Plaintiff was induced to accept a settlement payment that was substantially below the amount that Plaintiff initially contemplated for three principal reasons: first, Defendants presented documentary evidence to Plaintiff to support their claim that Deleg was given the opportunity to report (and be paid for) his overtime hours, and have provided documents showing that he in fact applied for and received such overtime compensation during the time of his employment; second, there is a disputed issue regarding whether Plaintiff's claims for unpaid overtime were already released by virtue of the court-approved class action settlement (the "Major Perry Class Action Settlement") in the case *Rudy Colon v. Major Perry Street Corp. et al.*, Case No. 12-cv-3788(JPO) (MD) (SDNY) (hereinafter the "Major Perry Case"); and third, Plaintiff desired to reach a settlement at this early stage, without incurring the stress, inconvenience and cost of further legal proceedings.

## II.    Plaintiff's Claims for Unpaid Wages.

Plaintiff filed his complaint on October 4, 2016 and an amended complaint on November 22, 2016, asserting causes of action for overtime under the FLSA and NYLL (the "Amended Complaint").  Commencing in or about October 2006, until on or about September 15, 2016, Plaintiff was employed by Defendants, and he performed maintenance, cleaning, repair, janitorial, exterminating, light construction, and related work at Defendants' apartment buildings in New York City.   In his Amended Complaint, Plaintiff alleged that he worked more than sixty-five (65) hours per week.  Plaintiff contended in that pleading that he was paid a flat weekly sum with no overtime compensation. Based on the foregoing, Plaintiff asserted that he was entitled to $139,127.78 for unpaid overtime under the FLSA, with this amount potentially doubled as liquidated damages.

Defendants maintain that Plaintiff's overtime claims cannot be sustained as a matter of fact or law because Plaintiff was able to (and in fact did) submit records documenting his own overtime hours, signed off on those hours, and was paid for those overtime hours at 1 ½ times his regular rate of pay, as required by law.

The Defendants further contend that the bulk of Plaintiff's claims are untenable because Plaintiff was among the class of superintendents whose overtime claims were released by virtue of the Stipulation of Settlement and Supplemental Stipulation of Settlement (Major Perry Case, Dkt. Nos. 102-2 and 109-1), which were approved by United States Magistrate Judge Michael Dolinger (Perry Case, Dkt. Nos. 118).  In particular, Defendants point to the release language in paragraph 2(a) of the Supplemental Stipulation of Settlement in the Major Perry Case, which provides:

2

> "Class Members' Released Claims" means any causes of action, claims, suits, damages, debts, attorneys' fees, counterclaims and obligations, known or unknown, related in any way to, or based upon, or arising out of, the Class Members' employment with any of the Released Parties, at any time, from the beginning of the world through the Effective Date of this Settlement.

(Major Perry Case, Dkt. No. 109-1 at p. 4).

In addition, it should be noted that Plaintiff's Amended Complaint also sought a declaratory judgment by this Court that he was not among the superintendents whose overtime claims were released by the Major Perry Class Action Settlement.  Alternatively, Plaintiff requested that the Court set aside the Major Perry Class Action Settlement as to him because he did not receive any of the settlement proceeds.  However, and in addition to all of the other defenses asserted, Defendants maintained, among other things, that the declaratory relief being sought was not an available remedy to Plaintiff as a matter of law, and that Plaintiff had failed to file a proof of claim or to opt out of the Major Perry Class Action Settlement, despite having received notice thereof.  In light of that, Plaintiff is aware that challenging the enforceability of a court-approved settlement would involve substantial risk and lengthy court proceedings.  Although the agreed-upon settlement is substantially less than the amount that Plaintiff initially contemplated, this is the result of legitimate concerns about the effect of the Major Perry Class Action Settlement, as well as Defendants' documents which show that Plaintiff actually did receive overtime compensation for the overtime hours that he reported to them.

### III.    The Agreement is Fair and Reasonable.

The parties represent to the Court that the settlement between the parties is a fair and reasonable resolution of a *bona fide* dispute reached as a result of extensive negotiations, including mediation.  As reflected in the attached Agreement (Ex. 1), the parties have agreed to settle the case for a total of $12,500, to be paid as follows: (1) A check in the sum of seven thousand two hundred twenty seven dollars and forty three cents ($7,227.43) as and for purported lost wages and benefits, payable to the order of Manuel Deleg from which estimated deductions will be made for taxes and other withholdings, and for which a W-2 tax form will be issued to him; and (2) A check in the  sum of Five thousand two hundred seventy two dollars and fifty seven cents ($5,272.57) payable to the order of "Rapaport Law Firm, PLLC Attorney Trust Account", without setoff, withholdings and/or deduction, to be allocated to the Rapaport Law Firm, PLLC, as and for $1,712.50 for costs and expenses and $3,560.07 for attorneys' fees.

We believe that given the risk of the Court finding that Deleg's claims were released pursuant to the Major Perry Class Action Settlement, plus the challenges presented by Defendants' documents showing that Deleg was paid for overtime, the settlement is fair and reasonable.

### IV.    Application for Attorneys' Fees and Costs.

Under both the FLSA and NYLL, Plaintiff is entitled to recover attorneys' fees and costs. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's

3

counsel in his or her own compensation did not have an adverse impact on the extent of relief counsel obtained for the client. *See Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In *Gaspar v. Personal Touch Moving, Inc.,* 13 Civ. 8187 (AJN), 2105 WL 7871036 at 2, the Court noted that "[f]ee awards representing one third of the total recovery are common in this District."

Plaintiff's counsel represents Plaintiff on a contingent basis, pursuant to a retainer agreement which provides for attorneys' fees of one-third of the net recovery. A copy of our firm's retainer agreement with Plaintiff is attached hereto as Exhibit 2. Our firm incurred costs totaling $1,712.50, which consists primarily of service of process (serving 13 defendants) and filing fees $400.00). We request that the Court approve attorneys' fees consistent with Plaintiff's retainer – 1/3 of the net settlement, to wit: $3,559.87.

Based on our firm's time records (Exh. 3 hereto), a lodestar calculation would result in fees that are at least double the amount of the contingency that we ask the Court to approve. The attorneys and staff at Rapaport Law Firm who were involved in this case, and whose time is reflected in the attached billing records, are:

1.  **Marc Rapaport.**

    I am the managing member of Rapaport Law Firm, which began as my solo practice in 1995. I have more than twenty years of experience litigating employment matters on behalf of employees in New York. I received a J.D. from Georgetown University Law Center in 1992. Thereafter, I worked as a Staff Attorney for the United States Department of Justice in Washington, D.C. I represent employees in a broad range of discrimination and wage/hour matters. I am an active member of the National Employment Lawyers Association and the National Employment Lawyers Association New York. I believe that my clients also benefit from my broader experience beyond the field of employment law, including my experience litigating commercial disputes in state and federal courts. For more than 20 years, I have endeavored to represent immigrant workers who often find it difficult to obtain skilled legal representation.

2.  **Joseph DeBlase.**

    Mr. DeBlase graduated from New York Law School (JD 2014). He has a Bachelor's Degree in business from Hofstra University. Mr. DeBlase was admitted to practice in New Jersey in December 2014, and to all New York state courts in 2015 by the Supreme Court, Appellate Division, Second Judicial Department. Mr. DeBlase's time is billed at $200.00 per hour – which is the hourly rate that judges in this District have approved for second year associates in FLSA cases.

3.  **Marcela Cabezas.**

    Ms. Cabezas has been a paralegal at Rapaport Law Firm since 1998. Ms. Cabezas graduated from New York Institute of Technology with a B.S., and she also has a certificate from the New York Paralegal School. Ms. Cabezas speaks fluent Spanish.

4

For nearly two decades, she has served as a point of contact for our firm's Spanish-speaking clients.  Her experience in that role was particularly important in this case, because Mr. Deleg speaks Spanish and is not conversant in English.

We respectfully request that the Court approve the Agreement, as well as the amount of legal fees requested herein.

Respectfully yours,

Marc A. Rapaport

For the reasons set forth in this letter, the Court approves the settlement agreement in its entirety.  The parties shall submit a Stipulation and Order of Final Dismissal with Prejudice no later than June 20, 2017.  If the parties wish for the Court to retain jurisdiction to enforce the settlement agreement, an executed version of the settlement agreement must be filed on the public docket, and the "order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015).  SO ORDERED.

Ronnie Abrams, U.S.D.J.
May 23, 2017